### HELEN F. FLINT *vs.* JOSIAH BRUCE.

### Lincoln.    Decided April 25, 1878.

*Evidence.*

The plaintiff was assaulted and injured by the defendant, while interfering to protect her father in an affray between them. *Held,* that, while the fact of the affray and an injury to her father may have been admissible in evidence, the detailed account of its subsequent consequences would not be.

ON EXCEPTIONS.

TRESPASS, for assault and battery.

" For that said Josiah Bruce, at said Somerville, on the 27th day of May, 1875, with force and arms assaulted the plaintiff, and then and there, with a large birch stick which he then and there held in his hand, struck the plaintiff with said stick one grievous blow upon, across and over her back, and thereby greatly cut and wounded the plaintiff's said back, which said blow extended from shoulder to shoulder. [And then and there beat, bruised, wrenched and wounded the plaintiff upon her arms, shoulders, back and other parts of her body, whereby they were disabled for

a long time, from which she suffered great pain and inconvenience; and by reason of said wounds and injuries the plaintiff was made sick and faint and her nervous system shocked and enfeebled, and] by means whereof, the plaintiff hath suffered and still does suffer great pain in body and in mind, and hath not only suffered great pain both in body and mind, but hath suffered great humiliation in her feelings, and great degradation and disgrace in the estimation of the good people of this state; and other wrongs and injuries, outrages and enormities, the defendant then and there committed against the peace, and to the damage," &c.

The part in brackets was inserted by way of amendment, against defendant's objection.

This trespass followed an affray between the defendant and the plaintiff's father, for which an action was brought. *Soule* v. *Bruce*, 67 Maine, 584. The plaintiff testified that she and her mother interfered for the protection of her father, when the defendant had him down in the street and was upon him pounding him; that she and her mother pulled him off; that while doing so, the defendant wrenched her arms, tore the skin, and her hand was badly swollen; that she kept her hold till the men came to the relief, and then went to the platform of her father's store, when the defendant came up in front of the platform and, after some aggravating, threatening and profane words, (the witness stating them) struck her across the shoulders with a stick, blistering where it struck, and that severe consequences followed, fainting spells, etc., etc.

The defendant testified in chief: "It is not true that I had Soule down in the street and was striking him when they came up to me. I never struck him at all; neither before, nor then, nor afterwards. All that happened between Mr. Soule and me was before this, and I had left him. When I hit her with the stick she made advances toward me. It was a green gray birch stick about three and one-half feet long, one-half inch at the butt, tapering to the size of a penstock."

The plaintiff, in rebutting, for the purpose of contradicting the defendant, and to show the necessity of the interference on

account of the helpless condition of Soule at the time, offered evidence of his condition afterwards; and this question, " State the condition in which he was two or three days afterwards, when you first saw him stripped and in bed," the witness answered, subject to the defendant's objection. " His left shoulder was broken, his right side black and blue, the skin knocked off of his face. On the day of the accident the blood was running down over his face." The witness testified further, in answer to a question objected to, " On the day he was hurt I and Mr. Morrill assisted him into the house, he could not walk alone, could not have got to the house alone to save the world, in my opinion. I helped put him in bed. In laying him down, he would sing out ; his shoulder or side seemed lame all over. Afterwards, he would scream out when he would lie down."

The verdict was for the plaintiff for $550 ; and the defendant alleged exceptions.

*O. D. Baker,* for the defendant.

*A. P. Gould & J. E. Moore,* for the plaintiff.

APPLETON, C. J. This is an action of trespass for an assault and battery upon the plaintiff by the defendant.

The evidence shows an affray between the defendant and A. L. Soule, the father of the plaintiff. The plaintiff interfered for the protection of her father, and to prevent the further continuance of the affray. A child has an unquestioned right to intervene for the protection of a father upon whom an assault is being committed. The defendant committed the assault upon the plaintiff while acting in defense of her father. For this assault and the damages resulting therefrom the defendant is responsible to this plaintiff. For the wrongs and injuries done to and inflicted upon the father, he alone is entitled to remuneration.

The plaintiff, in support of her suit, introduced, not merely evidence of the assault upon herself, but of that upon her father. Nor was that all. Evidence of the effects of the assault on the father, how long he was sick in consequence thereof, and all the details, as fully as though the father had been the plaintiff, were offered in evidence and received, notwithstanding the con-

tinuous objection of counsel and the admonitory suggestions of the court. The fact of the affray may have been admissible, but not a detailed account of its subsequent consequences. *Currier* v. *Swan*, 63 Maine, 323.

The only object of this persistent introduction of evidence not relevant to the cause on trial, must have been to divert attention from the actual injuries sustained by the plaintiff to the greater injuries sustained by the father, and thus, by commingling the wrongs of both, to enhance the damages of the plaintiff. The plaintiff is entitled to damages for injuries she has suffered and for nothing more.

*Exceptions sustained.*

WALTON, DICKERSON, PETERS and LIBBEY, JJ., concurred.

BARROWS, J., dissenting. I am not ready to concur in sustaining the exceptions for the admission of this testimony.

All through the plaintiff's case the judge excluded details of the affray.

Then the defendant came on, and as a substantive part of his defense, testified, himself, that he never struck Soule at all; that he was not on him pounding him when plaintiff interfered, and did not strike him then, nor before, nor afterwards.

The case does not show that the judge notified the counsel that all cumulative testimony would be excluded in rebuttal. If he had done it, I take it, in his discretion, he might admit such testimony, preserving defendant's right to reply with more. And the testimony, on account of which the exceptions are sustained in this opinion, was admitted to rebut the defendant's denial of such a state of things as justified the daughter in interfering. I think defendant brought it upon himself, by his denial of the condition of things which the plaintiff had asserted, to account for her intermeddling, and that defendant has no good ground of exception on that account.

VIRGIN, J., concurred in the dissenting note.